IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID ROBISON d/b/a RUSTY ACRES,
in his individual capacity and as a private
attorney general doing business as
Rusty Acres                                                                                          PLAINTIFF

VS.                                    CASE NO. 08-CV-1001

KEN JONES, in his official and individual
capacities and UNION COUNTY, a subordinate
political entity in the State of Arkansas                                                 DEFENDANTS

**ORDER**

Before the Court is a Motion for Summary Judgment filed by Defendants. (Doc. 13). Plaintiff, David Robinson, has not filed a timely response. The Court finds this matter ripe for consideration.

On January 7, 2008, Plaintiff filed his complaint alleging violations of his constitutional rights, violations of the Freedom of Information Act, and breach of contract. Plaintiff is the owner of a local towing company who was removed from the Union County Sheriff Department's towing list following an argument between Plaintiff and Defendant, Sheriff Ken Jones. Plaintiff alleges this removal was without just cause and in violation of his constitutional rights of equal protection and due process. He also maintains that Defendants violated his property interests, breached contractual obligations that arose from Plaintiff's name being placed on the towing list, and withheld documents in violation of the Arkansas Freedom of Information Act.

Defendants filed a Motion for Summary Judgment on October 9, 2009. (Doc. 12). On October 20, 2009, Plaintiff sought an extension of time to file his response. (Doc. 16). On October 29, 2009, the Court granted Plaintiff a twenty-one day extension. (Doc. 17). Plaintiff has yet to respond.

Federal Rule of Civil Procedure 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Defendants have supported their summary judgment motion by showing that discretionary policies, such as the inclusion of certain companies on a county's towing list, do not create a legitimate claim of entitlement or a protected property interest for an individual included on the list. Without a property interest, Plaintiff's Fourteenth Amendment procedural due process rights cannot have been violated. *Habhab v. Hon*, 536 F.3d 963, 968 (8th Cir. 2008). Defendants have also shown that no allegations by the Plaintiff rise to the level of "egregious or outrageous" conduct that is required to find a violation of Plaintiff's substantive due process rights. *Id*. Regarding Plaintiff's equal protection claim, he has not alleged that he was treated less favorably than other similarly-situated towing companies based upon his race, ethnicity, or religion. Because this threshold requirement has not been met, Plaintiff's equal protection claim must fail as well. *Id.* at 967.

Defendants have also successfully shown that no contract existed between the Plaintiff and Defendants. Simply placing an individual on the county's towing list is not the equivalent of executing a contract with valid consideration. Therefore, Plaintiff's breach of contract claim is

without merit.  Lastly, Plaintiff's claims relating to Defendants' alleged violation of the Arkansas Freedom of Information Act must fail due to the fact that internal personnel policies and procedures, like those requested by the Plaintiff, are not subject to the provisions of the act.  ARK. CODE ANN. §25-19-108(a)(3)(B)(ii).

Plaintiff has not responded to the summary judgment motion or otherwise offered any evidence that his constitutional or contractual rights were violated.  Accordingly, Plaintiff has failed to demonstrate the existence of any genuine issue for trial: therefore, summary judgement is appropriate.  Defendants' Motion for Summary Judgment  is hereby **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 6th day of July, 2010.

       /s/ Harry F. Barnes
  Hon. Harry F. Barnes
  United States District Judge